NO. 07-03-0126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 17, 2005
_____

ERIC ZUNIGA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,174; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Eric Zuniga appeals his conviction for delivering a controlled substance. The conviction was founded upon his open plea of guilty. According to the record, sentence was imposed, in open court, on December 20, 2002. His sole issue deals with the effectiveness of his trial counsel. We affirm the judgment.

Appellant contends that his trial counsel denied him effective assistance of counsel because he failed to 1) inform him of his right not to testify at the punishment hearing and

2) subpoena additional witnesses. As to the former allegations, the record contains a document signed by appellant and entitled "Written Admonishments on Open Plea . . . ." Therein appears a statement expressly informing appellant of his "right not to be compelled to testify against himself at his trial." Moreover, this document's existence was brought to the trial court's attention at the hearing on appellant's motion for new trial. Given this, the trial court had before it more than ample evidence upon which to reject appellant's claim about being uninformed of the right in question.

As to the matter of subpoenaing additional witnesses, appellant admitted that he and his trial attorney actually discussed the possibility of subpoenaing them. However, his counsel opined that it would appear better if the individuals appeared voluntarily as opposed to being forced to help appellant. We cannot say that such an opinion was less than reasonable trial strategy.

In sum, we cannot say that appellant carried the burden to prove his claim as imposed on him by such cases as *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) and *Ladd v. State,* 3 S.W.3d 547, 565 (Tex. Crim. App. 1999). Accordingly, we overrule the issue and affirm the judgment.


Per Curiam


Do not publish.